HILLIARD EPPS v. THE STATE.

No. 4037.   Decided April 19, 1916.

**1.—Assault to Murder—Specific Intent to Kill—Sufficiency of the Evidence—Charge of Court.**

Where, upon trial of assault with intent to murder, the evidence raised the issue of specific intent to kill, the court properly charged defining murder, assault to murder and aggravated assault, and the evidence being sufficient to sustain a conviction of assault to murder, there was no reversible error.

**2.—Argument of Counsel.**

Where the argument of State's counsel was based upon the evidence in the case to the effect that the State offered to accept a plea of guilty for aggravated assault, which defendant refused, and that he was glad he did not do so, etc., there was no reversible error.

Appeal from the District Court of Bowie. Tried below before the Hon. H. F. O'Neal.

Appeal from a conviction of assault with intent to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Turner, Graham & Smitha,* for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was convicted of assault to murder, and his punishment assessed at two years confinement in the State penitentiary.

The negro woman positively identifies appellant as the person who made the assault on her. The doctor who waited on her states: "When I got there I found her suffering with some wounds on her head, apparently unconscious; there was one wound on her nose and one above the left eye, both of those extending to the bone, and then there were three wounds on the back of the head, more on the left side, one was about two inches long and the other an inch long, both extending to the skull, and behind the left ear was quite a hole, that seemed to be the worst wound, there was the end of a pistol hammer found in the wound behind the left ear. I suppose it was something like a half of an inch in length, the pistol wound. I took that out and examined it, and it appeared to have been freshly broken off. I dressed the wounds on this woman. I would consider them dangerous or serious in their nature. I stayed at her house that night about an hour or an hour and a half. The woman did not regain consciousness while I was there. I called to see her again the next day, about 9 o'clock in the morning, I suppose, and at that time she was conscious. I continued treating her for something like three weeks, possibly a little over." One of the contentions of appellant is that this evidence would not support a verdict that appellant intended to kill, but only an aggravated assault. The evidence of the woman would show that she fell at the second blow, being knocked unconscious, and the wounds on her head would show that a number of blows must have been struck after she fell down, and the evidence will support a finding that there was a specific intent to kill. Appellant's defense is that he did not make the assault—that he was at home sick and in bed. This issue of fact was decided against him. The court submitted both assault to murder and aggravated assault and instructed the jury if they found appellant guilty and had any doubt as to which offense he was guilty, they must give the defendant the benefit of the doubt and acquit him. There was no error in defining murder in the charge, as it made apparent to the jury the elements they must find to exist before they would be authorized to find appellant guilty of assault to murder.

The only other bill in the record complains that the court permitted the district attorney in his argument to state to the jury: "I tell you

this is a smart negro, and I am glad he did not take me up on the offer to plead guilty, because he is not the kind of a negro I thought he was," and erred in refusing to give his special charge instructing the jury not to consider such remarks. If there had been no evidence on which to base these remarks, of course they would present error, but the record before us shows that when the defendant was testifying in his own behalf he stated: Q. "The district attorney asked you if you wouldn't have killed her if the shells hadn't fallen out of your gun— would you have hit her?" A. "No, sir; I wouldn't have hit her, and I didn't plead guilty to that crime when the district attorney offered to let me off at $25, the lowest fine, this morning; I would have accepted it if I had been guilty, but I am not guilty of that crime, and I felt that it would not be right for me to plead guilty to a thing that I was not guilty of." It is thus seen the appellant injected into the case evidence that the district attorney had offered to take a plea of guilty of aggravated assault and a fine of $25, and he declined it. Under such circumstances it was permissible for the district attorney to comment on that testimony, and state he was glad it was not accepted as the evidence showed appellant to be a different negro to what he thought he was.

The judgment is affirmed.

*Affirmed.*